**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHAWN T. WALKER** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SHANDA MATHIS, et al.,** | : | **NO. 15-5134** |
| *Defendants.* | : | |

**<u>M E M O R A N D U M</u>**

PRATTER, J.                                                                                    MAY 19, 2016

      Shawn T. Walker is currently incarcerated at the Pennsylvania State Correctional Institution at Graterford.  He alleges violations of his civil rights stemming from his July 26, 2015 interaction with defendant Shanda Mathis, a corrections food services instructor who supervised Mr. Walker at his job in the SCI Graterford prison kitchen.  Mr. Walker also raises claims against Superintendent of SCI Graterford Cynthia Link, Ms. Link's assistant, Major Kerry Kerschner, and Chief Grievance Officer Dorina Varner.  Mr. Walker alleges the defendants engaged in retaliation, cruel and unusual punishment, and violations of his right to due process, all of which violated 42 U.S.C. § 1983.  He also seeks a declaratory judgment that the prison's interpretation of its inmate grievance system violates the Eighth and Fourteenth Amendments of the United States Constitution. Finally, Mr. Walker seeks a writ of mandamus directing the prison to allow him to file his allegedly ignored grievance.

      The defendants have moved to dismiss the claims in their entirety. In addition to responding to the motion, Mr. Walker has filed a motion for leave to file a second amended complaint.  Mr. Walker has also filed a motion for appointment of counsel.

For the reasons outlined below, the Court will grant the motion to dismiss but will deny the plaintiff's petition for leave to file a second amended complaint and his motion for appointment of counsel.  Because Mr. Walker is a lay person pursuing this matter on his own, the ensuing discussion is more detailed than it might otherwise be if written for a dispute between parties represented by counsel.

## I.     BACKGROUND[1]

For the purpose of evaluating the defendants' motion to dismiss, the Court will consider only the relevant allegations set out in Mr. Walker's amended complaint.

On July 26, 2015, Mr. Walker was assigned to work in the main kitchen of SCI Graterford on the first shift—specifically on the D-Block kitchen serving line.  As of that time, he had worked in the kitchen since the end of February 2015.  Shanda Mathis was assigned to supervise the D-Block kitchen staff.  This appears to have been the first time Ms. Mathis worked with Mr. Walker.  Mr. Walker alleges that on the morning of the 26th, he arrived at work and proceeded to start serving breakfast without incident.  After completing the morning meal service, he alleges that he prepared a plate of food for himself and went to eat with the other inmates.  At this point, Ms. Mathis came over to Mr. Walker's table and told him that he needed to sweep the kitchen floor.  Mr. Walker requested that he be allowed to finish his breakfast before sweeping the kitchen.  He then alleges that Ms. Mathis, unprovoked, said to Mr. Walker: "I know you want to punch me in my face and choke me."  Mr. Walker expressed confusion at this statement.  After staring at him for 30 seconds without speaking, Mr. Walker states that Ms. Mathis walked away without further comment.

---

[1] The factual background outlined below is drawn from the allegations contained in Mr. Walker's amended complaint.  "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

After finishing his breakfast, Mr. Walker returned to the kitchen and joined the rest of the staff to undertake lunch preparations.  Again, this was done without incident.  When lunch was complete, Mr. Walker asked Ms. Mathis for permission to return to his housing unit.  Ms. Mathis released the other kitchen staff, but told Mr. Walker to sweep in the kitchen more thoroughly.  Mr. Walker, believing this to be pre-textual and related to the interaction earlier in the morning, asked to see Ms. Mathis's supervisor.  After meeting with both Mr. Walker and Ms. Mathis, the supervisor suggested that, in the future, Mr. Walker and Ms. Mathis would not be assigned to work together.  Mr. Walker agreed to this proposed arrangement.

Later that day, however, Mr. Walker alleges that he received a "DC-141 Misconduct Report," submitted by Ms. Mathis.  This report stated that Mr. Walker had "refus[ed] to obey an order," "refus[ed] to work" and was "presen[t] in an unauthorized area."  Mr. Walker alleges that this misconduct report was filed by Ms. Mathis in retaliation for Mr. Walker reporting her behavior in the kitchen to her supervisor.  As a result of this report, Mr. Walker alleges he was suspended from his job until the outcome of a hearing.  Ultimately, his suspension from his work assignment only lasted two days, at which point the hearing examiner dismissed the misconduct report.

On August 2, 2015, Mr. Walker filed a grievance against Ms. Mathis regarding her meritless misconduct report.  The next day, this grievance was denied by Mr. Kerschner.  Mr. Walker then filed an appeal to SCI Graterford Superintendent Cynthia Link.  Two weeks later, Ms. Link denied Mr. Walker's appeal.  Mr. Walker then appealed to the Office for Inmate Grievances and Appeals, where his second appeal was denied on September 2, 2015.  On September 15, 2015, Mr. Walker filed the initial complaint in this action.

Mr. Walker's complaint alleges five causes of action.  First, he alleges retaliation, in violation of 42 U.S.C. § 1983, against Ms. Mathis.  Specifically, he claims that Ms. Mathis was acting under color of state law and "intentionally and maliciously attempted to frame Walker by filing false disciplinary charges against him in retaliation for Walker's exercise of his First Amendment right to register a complaint against her."  Am. Compl. at ¶ 67.  Second, he alleges Ms. Mathis violated the Eighth Amendment by subjecting him to cruel and unusual punishment by using her "official position of authority to have Walker wrongfully suspended from his job without pay" and attempting "to have Walker sent to the Hole for a max sentence of 270 days if found guilty."  Am. Compl. at ¶ 77.   Third, he alleges the defendants collectively violated his right to substantive due process.  Am. Compl. at ¶ 83.   As to Ms. Mathis, he alleges she violated his right to due process by filing a meritless misconduct report; as to the other defendants, he alleges they violated his right to due process by failing to grant his grievance. Am. Compl. at ¶¶ 84-88.

Mr. Walker also seeks declaratory and injunctive relief regarding the prison's inmate grievance system.  Am. Compl. at ¶¶ 90-92.  He alleges that he was not allowed to utilize the prison's Inmate Discipline/Misconduct Procedures, DC ADM 801.  He argues that the policy itself is unconstitutional or, in the alternative, that the defendants' interpretation of the policy is unconstitutional.  Mr. Walker asks that "the Court determine that Defendants are required to allow inmates to file grievances under policy DC ADM 801 once a misconduct report is a non issue [sic], and that the Court enter an injunction requiring Walker be allowed to file his grievance regarding Mathis using a DC 141 Misconduct Report to retaliate against Walker." Am. Compl. at ¶ 93.  Finally, he asserts a separate claim seeking a mandamus order compelling

the defendants to allow Mr. Walker to file his grievance against Ms. Mathis.  Am. Compl. at ¶ 96.

Mr. Walker is seeking $75,000 in compensatory damages, in addition to punitive damages, as well as the injunctive and declaratory relief outlined above.

## II.    STANDARD OF REVIEW

The defendants seek to dismiss Mr. Walker's claims on the basis that Mr. Walker has failed to state a claim upon which relief can be granted.  "On a motion to dismiss for failure to state a claim, courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Sottosanti-Mack v. Reinhart*, No. 15-3255, 2016 WL 1182161, at *3 (E.D. Pa. Mar. 28, 2016) (citing *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)).  The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to survive the motion; instead, a complaint must allege facts suggestive of the proscribed conduct." *Nichols v. Burns*, No. 15- 0527, 2015 WL 8007398, at *2 (E.D. Pa. Dec. 7, 2015) (citing *Iqubal*, 556 U.S. at 678); *Phillips*, 515 F.3d at 233).

The Third Circuit Court of Appeals has set out a three-step analysis to guide the district courts when reviewing the sufficiency of a plaintiff's claims:

> First, [the Court] must take note of the elements the plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citing *Iqbal*, 556 U.S. at 675-79 and *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)) *accord Connelly*, 809 F.3d at 786; *Nichols*, 2015 WL 8007398, at *3.

Mr. Walker is appearing *pro se* in this matter.[2]  *Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *see also Swinson v. Dep't of Corr.*, No. CIV.A 07-26 ERIE, 2009 WL 33330, at *7 (W.D. Pa. Jan. 5, 2009).  If the Court can reasonably read the pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969); *see also Healy v. U.S. Post Office*, __ F. App'x. ___, No. 15-3504, 2016 WL 1056080, at *1 (3d Cir. Mar. 17, 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007)). Nevertheless, even a *pro se* plaintiff must plead with a "modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the Court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer." *Bush v. Dep't of Human Servs.*, No. 11-2612, 2014 WL 47764, at *1

---

[2] Mr. Walker has filed a motion for appointment of counsel. *See* Doc. No. 8. For the reasons discussed below, that motion is denied because his underlying claims are without legal merit, giving Mr. Walker the benefit of all reasonable doubt.

(E.D. Pa. Jan. 6, 2014) (citing *Lawrence v. Mental–Health Doctor*, No. 12-643, 2013 WL 1285461, *2 (E.D. Pa. March 28, 2013); *see also Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 952 (3d Cir. 2010).

## III.   ANALYSIS

### a.   Defendants' Motion to Dismiss

#### 1.   *Individual Capacity*

As a preliminary matter, each of the four defendants is a Pennsylvania Department of Corrections employee. *See* Am. Compl. at ¶¶3-6. "State governments and their subsidiary units are immune from suit in federal court under the Eleventh Amendment." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 253-54 (3d Cir. 2010); *see* U.S. Const. amend. XI. ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *see also Hans v. Louisiana,* 134 U.S. 1 (1890) (extending Eleventh Amendment protection to suits brought by in-state plaintiffs). State officials are liable for damages under 42 U.S.C. § 1983 only when they are sued in their individual capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 854 (3d Cir. 2014) ("[S]tate agencies and their officials acting in their official capacity are not" persons for purposes of § 1983.)

The amended complaint states that defendants Mathis, Kerschner and Varner are being sued in their individual capacities. Am. Compl. at ¶¶ 3-4,6. The complaint also states, however, that defendant Link is being sued in both her individual and official capacity. Am. Compl. at ¶ 5. Because an individual sued in her official capacity is not a person under § 1983, the Court therefore dismisses any § 1983 claim brought against Ms. Link in her official capacity.

### 2. *Retaliation Claim Against Shanda Mathis*

All of Mr. Walker's claims emanate from his interaction with Shanda Mathis and the allegedly retaliatory misconduct report she filed against him after that interaction. An official who retaliates against an inmate for exercising his constitutional rights may be liable under § 1983. *See Potter v. Fraser*, No. 10-4200, 2011 WL 2446642, at *8 (D.N.J. June 13, 2011); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). A prisoner alleging retaliation under § 1983 must show "(1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (citing *Rauser*, 241 F.3d at 333); *Nichols*, 2015 WL 8007398, at *3.

The defendants do not challenge the first or third elements of the tort and, having reviewed the contents of the amended complaint, the Court finds that Mr. Walker has adequately addressed these elements. Filing a grievance against a prison official is a constitutionally protected activity for purposes of a retaliation claim. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) ("Mitchell's allegation that he was falsely charged with misconduct in retaliation for filing complaints against Officer Wilson implicates conduct protected by the First Amendment.") (citing *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002); *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000); *Babcock v. White*, 102 F.3d 267, 275–76 (7th Cir. 1996)). Similarly, "oral complaints to prison personnel have been held to constitute protected activity." *Mack v. Yost*, 427 F. App'x 70, 72 (3d Cir. 2011) (citing *Pearson v. Welborn*, 471 F.3d 732, 740–41 (7th Cir. 2006). Consequently, Mr. Walker's pleading satisfies the first element of a retaliation claim. *See* Am. Compl. at ¶ 67.

Additionally, Mr. Walker has alleged a causal link between his initial complaint regarding Ms. Mathis's conduct on July 26, 2015 and her alleged retaliatory action. *See Romero v. Hayman*, No. 09-1041, 2011 WL 1344218, at *9 (D.N.J. Apr. 8, 2011), *aff'd in part, vacated in part*, 486 F. App'x 981 (3d Cir. 2012) ("[T]o state a claim for retaliation, a plaintiff must allege a chronology of events from which retaliation may be inferred.")(citing *Bendy v. Ocean County Jail*, No. 07–1421, 2009 WL 2170424, *3 (3d Cir. July 22, 2009)).  Here the disciplinary complaint is alleged to have been filed the same day as the altercation between Mr. Walker and Ms. Mathis and stemming out of the same relevant conduct.  His pleading therefore satisfies the third element as well.

The defendants, however, challenge whether Mr. Walker has alleged that Ms. Mathis's conduct constituted an adverse action for purposes of a § 1983 claim.  Specifically, they challenge whether Mr. Walker has alleged that Ms. Mathis acted in a manner that would have "deterred an inmate of ordinary firmness from exercising his constitutional rights." Doc. No. 10 at 8. Based upon the factual allegations in the pleadings, and viewing all allegations in the light most favorable to the plaintiff, the Court cannot find that Ms. Mathis's alleged conduct was sufficiently serious to deter an inmate of ordinary firmness from exercising his constitutional rights.  The misconduct report filed by Ms. Mathis is alleged to have been quickly dismissed a scant two days after it was filed and resulted in no punishment.  *See* Am. Compl at ¶¶ 52-53. The only adverse action allegedly taken against Mr. Walker as a result of the misconduct charge was his temporary removal from his work assignment. While he claims $75,000 in compensatory damages, having reviewed the entirety of Mr. Walker's allegations, it appears that removing him from this job resulted in, at the very most, two days of lost prison wages.

Unfulfilled threats of punishment do not rise to the level of severity necessary to establish the commission of an adverse action for purposes of pleading a retaliation claim under § 1983. *See Burgos v. Canino*, 358 F. App'x 302, 306 (3d Cir. 2009) ("Also, because threats alone do not constitute retaliation, the claim relating to the threat failed."). Temporary inconveniences likewise do not meet this standard. *See Banks v. Rozum*, No. 15-2121, 2016 WL 624943, at *2 (3d Cir. Feb. 17, 2016); *Owens v. Coleman*, 629 F. App'x 163, 167 (3d Cir. 2015) ("Owens' mere assertion that Appellees retaliated against him by placing him in a cell with a faulty shower does not meet these elements."); *Burgos*, 358 F. App'x at 306; *Potter v. Fraser*, No. 10-4200, 2011 WL 2446642, at *8 (D.N.J. June 13, 2011) (noting allegations that corrections officers searched the plaintiff's cell, threw away his t-shirt, and confiscated his commissary purchases, did not rise to the level of conduct establishing a retaliation claim).

The Seventh Circuit examined a situation similar to the one at issue here and concluded that "[a] single retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action." *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *see Gallo v. Pitch-Stokes*, No. 13-1476, 2016 WL 912161, at *7 (C.D. Ill. Mar. 7, 2016) ("*Bridges* implies that courts should look to the actual consequences of a disciplinary proceeding rather than the potential consequences of a disciplinary proceeding in determining whether a prisoner would be deterred from exercising his rights under the First Amendment."). In *Bridges*, the inmate plaintiff threatened to file a grievance against a corrections officer for harassment after he provided testimony in another inmate's lawsuit. The plaintiff alleged that the defendant corrections officer retaliated by filing an unjustified disciplinary charge against him, which was later dismissed. In this context, given that no punishment was alleged to have resulted from the charge, the court concluded that such action would not discourage an inmate from exercising his

rights in the future. *Bridges*, 557 F.3d at 555 (citing *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("Section 1983 is a tort statute. A tort, to be actionable, requires injury. It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise . . . .")). Ultimately, the Seventh Circuit Court of Appeals upheld the district court's dismissal of the plaintiff's retaliation claim.

This analysis was echoed by the Third Circuit recently in *Brightwell v. Lehman*, 637 F.3d 187 (3d Cir. 2011). Citing *Bridges,* the Court upheld summary judgment for the defendants in a similar factual circumstance:

> We agree with Appellees that the alleged retaliation in this case—a misconduct charging Brightwell with filing a false report that was dismissed—does not rise to the level of adverse action because it would not be sufficient to deter a person of ordinary firmness' from exercising his First Amendment rights.

*Id.* at 194.

Conversely, the analysis contained in opinions from courts in this circuit refusing to dismiss retaliation claims on the basis of the severity of the alleged conduct likewise emphasizes that the conduct alleged here fails to reach the level of a constitutional violation. These opinions emphasize that constitutionally violative adverse action involves conduct which goes beyond threats or minor inconvenience.  Examples of such conduct include instances where inmates were subjected to disciplinary confinement, isolation or permanent termination from prison employment. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) ("[W]e believe that several months in disciplinary confinement would deter a reasonably firm prisoner from exercising his First Amendment rights."); *Thomas v. McCoy*, 467 F. App'x 94, 96 (3d Cir. 2012) ("the time Thomas spent in the RHU as a result of the alleged retaliatory conduct could deter a reasonably firm prisoner from exercising his First Amendment rights."): *Roudabush v. Bittinger*, No. 15-

11

3185, 2015 WL 4616869, at *6 (D.N.J. July 31, 2015) ("Writing a false disciplinary report, leading to confinement in isolation, is an adverse action that would deter a person of ordinary firmness from exercising his constitutional rights."); *Mack v. Yost*, 427 F. App'x 70, 72 (3d Cir. 2011) ("Mack, however, expressly alleged that he was fired from his job in retaliation for complaining to the commissary supervisor about Roberts's conduct."); *Kelly v. York Cty. Prison*, 340 F. App'x 59, 61 (3d Cir. 2009) ("Kelly alleges that he was denied prison employment and the opportunity to earn wages."); *see also Romero v. Johnson*, No. 13-00591, 2015 WL 1285885, at *5 (M.D. Pa. Mar. 20, 2015) ("Some examples of what the Third Circuit has held qualify as 'adverse actions' under this test are: several months in disciplinary confinement; denial of parole, financial penalties, and transfer to an institution whose distance made regular family visits impossible; and placement in administrative segregation that severely limited access to the commissary, library, recreation, and rehabilitative programs.").

The Court finds here that pleading removal from a work assignment for two days is not sufficient to establish the adverse element of the retaliation tort.   Because Mr. Walker has failed to plead the existence of each of the necessary elements, the Court grants the defendants' motion to dismiss Count I.

3.   *Eighth Amendment Claim Against Shanda Mathis*

In addition to claiming that he was subject to retaliation for his complaints to Ms. Mathis's supervisor, Mr. Walker also alleges that Ms. Mathis violated the Eighth Amendment's prohibition on cruel and unusual punishment by naming him in a false misconduct report.  *See* Am. Compl. at ¶¶ 76-77.  The Court will grant the motion as to this claim as well because the Court finds the conduct alleged fails to meet the standard for cruel and unusual punishment.

The Supreme Court has applied a two-prong test to determine whether a prison official has violated the Eighth Amendment. "First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). Second, "a prison official must have a 'sufficiently culpable state of mind.'" *Id.* (citations omitted). *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992) ("Thus, courts considering a prisoner's claim must ask both if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation."); *Jackson v. Johnson*, No. 10-0126, 2012 WL 3089380, at *3 (E.D. Pa. July 27, 2012) (citing *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997)).

The defendants argue that the plaintiff's amended complaint fails to allege that the deprivation at issue was sufficiently serious to establish an Eight Amendment violation. Mr. Walker has alleged Ms. Mathis's conduct constitutes the basis for both the Eighth Amendment claim as well as the First Amendment retaliation claim discussed above. Having found the alleged conduct fails to meet the threshold for establishing a retaliation claim, the Court likewise concludes that a two-day suspension from prison employment fails to rise to the level of a violation of the Eighth Amendment. "An objectively, sufficiently serious injury is one that denies the inmate 'the minimal civilized measure of life's necessities,' such as food, water, shelter." *Swinson*, 2009 WL 33330, at *9 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). A false misconduct report, as a matter of law, does not constitute a violation of the Eighth Amendment. *Booth v. Pence*, 354 F. Supp. 2d 553, 559 (E.D. Pa. 2005), *aff'd*, 141 F. App'x 66 (3d Cir. 2005) ("False misconduct charges themselves do not constitute the denial of basic human needs, such as food, clothing, shelter, sanitation, medical care and personal

safety.")(citations omitted); *Frazier v. Daniels*, No. 09-3612, 2010 WL 2040763, at *3 (E.D. Pa. May 20, 2010). Similarly, the lost wages from two days of missed work in a prison does not rise to the level of a deprivation of life's necessities. The Court finds that under the circumstances, the plaintiff cannot, as a matter of law, establish an Eighth Amendment violation based upon the alleged conduct by Ms. Mathis. Therefore, the Court will grant the defendants' motion to dismiss Count II.

### 4. *Due Process Claim Against All Defendants*

The third count in the amended complaint alleges that defendants Mathis, Kerschner, Link and Varner all violated the plaintiff's right to due process by denying the grievance he attempted to file following his interaction with Ms. Mathis and her subsequent misconduct report.

"Under the Fourteenth Amendment, the threshold question in determining whether there has been a deprivation of rights without due process is whether there is a protected interest at issue." *Mims v. Shapp*, 744 F.2d 946, 949 (3d Cir. 1984) (citing *Meachum v. Fano*, 427 U.S. 215, 223 (1976)). Mr. Walker's allegations regarding the defendants' denial of his right to pursue his grievance fails to identify a constitutionally protected interest. The Third Circuit Court of Appeals stated recently that "[a]ccess to prison grievance procedures is not a constitutionally-mandated right, and allegations of improprieties in the handling of grievances do not state a cognizable claim under § 1983." *Glenn v. DelBalso*, 599 F. App'x 457, 459 (3d Cir. 2015). This echoes rulings from other circuit courts of appeals, which have held that "the existence of a prison grievance procedure confers no liberty interest on a prisoner." *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). *See*

*also Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del.), *aff'd*, 74 F.3d 1226 (3d Cir. 1995) ("Inmates do not have a constitutionally protected right to a grievance procedure.").

Mr. Walker is correct to point out that a prisoner's incarceration does not negate his right to petition the government for redress. *See Bounds v. Smith*, 430 U.S. 817, 822 (1977) ("It is now established beyond doubt that prisoners have a constitutional right of access to the courts.); *see also Prater v. Wetzel*, 629 F. App'x. 176, 178 (3d Cir. 2015) ("In order to state a claim of the denial of access to the courts, a prisoner such as Prater must allege that his efforts to pursue a legal claim were hindered and he suffered an actual injury."). This is undoubtedly accurate, but the right of redress is a right to access the courts, and this right is not compromised by the prison's refusal to entertain a prisoner's grievance. *See Massey*, 259 F.3d 647 (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991)). The amended complaint here does not identify any conduct by the defendants which has impeded his ability to file this (or any other) lawsuit. The supposed authority identified by Mr. Walker is inapplicable.

As to defendants Kerschner, Link and Varner, Mr. Walker has failed to allege that their involvement in this matter extended beyond their denial of his grievance and his subsequent appeal. *See* Am. Compl. at ¶¶ 85-88. In fact, he provides no factual allegations whatsoever regarding these defendants, aside from alleging that Mr. Kerschner denied his grievance and that Ms. Link and Ms. Varner denied his appeal of that denial. "An individual government defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). The denial of a grievance or concurrence in an administrative appeals process is not sufficient to state a claim. *See Pressley v. Beard*, 266 F. App'x 216, 218 (3d Cir. 2008) ("The District Court properly dismissed these defendants and any additional

defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them.")  For this reason, the Court grants the motion to dismiss Mr. Walker's claims against defendants Kerschner, Link and Varner with prejudice.

Finally, as to Ms. Mathis, Mr. Walker has failed to provide any allegations identifying how her conduct caused him to suffer a violation of his right to due process.  To the extent he is asserting she is liable on the basis of the same conduct identified in the context of Counts I and II, the Court finds that his claims fail for the same reasons described above.  *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.")

The Court therefore grants the motion to dismiss Count III.

### 5.  *Declaratory and Injunctive Relief*

Count IV of the complaint asks the Court to find that "DC ADM 801", a Pennsylvania Department of Corrections Administrative Rule, violates the Eighth and Fourteenth Amendments or, in the alterative, that the defendants' interpretation and application of this administrative regulation is "erroneous and unconstitutional."   Am. Compl. at ¶ 93.   As discussed above, inmates have no constitutionally protected right to a grievance procedure and, if a state elects to provide one, violations of such procedures do not give rise to a § 1983 claim.  *See Glenn*, 599 F. App'x at 459; *Hoover*, 886 F. Supp. at 418.   Therefore, the Court grants the defendants' motion to dismiss Count IV.

### 6.  *Mandamus*

Finally, as this Court has stated in a prior opinion: "the Court has no authority to issue writs of mandamus compelling state officials to take action." *Walker v. Regan*, No. 13-7556, 2015 WL 3604175, at *9 (E.D. Pa. June 9, 2015) (citing *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963)). Consequently, the defendants' motion to dismiss Count V is granted.

### b.  Plaintiff's Motion to Amend Complaint

Having found that Mr. Walker's first amended complaint fails to state any claim upon which relief can be granted, we turn to Mr. Walker's motion for permission to file a second amended complaint.  Doc. No. 17.  The motion seeks to include additional claims against Ms. Mathis as well as add three additional defendants.  First, the motion alleges that Ms. Mathis retaliated against Mr. Walker in September 2015, after she was named in his initial complaint, by falsifying his pay records to deny him full pay for the work he performed.  Mr. Walker's grievance challenging this allegedly retaliatory behavior, which was attached to his motion for leave to file an amended complaint, states that Ms. Mathis denied him three hours of pay for work in the kitchen he claims to have performed on September 22, 2015.  This grievance as ultimately denied.  Mr. Walker also asserts in the motion that three other department of corrections officials violated his right to due process by failing to allow his grievance.

After a first amendment by right, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Here, Mr. Walker filed his first amended complaint on November 5, 2015.  *See* Doc. No. 9.  Given that the defendants oppose Mr. Walker's motion to file a second amended complaint, such amendment therefore would only be permissible with the Court's leave.  "While Rule 15 states that leave to amend should be freely given, a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory

motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Coll. v. Synergis Educ. Inc.*, No. 14-06966, 2015 WL 9474654, at *1 (E.D. Pa. Dec. 29, 2015) (citing *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003), *as amended* (Jan. 20, 2004)).

While the facts alleged are different, the claims that Mr. Walker identifies in his motion for leave to file a second amended complaint are essentially the same as those alleged in his first amended complaint and ultimately they fail for the same reasons. The only adverse action identified by Mr. Walker in his motion regarding his retaliation claim against Ms. Mathis is her alleged alteration of time sheets in order to deny Mr. Walker three hours of pay, at inside prison rates applicable to inmates. Depriving an inmate of such a small amount of money would not prevent an individual of ordinary firmness from exercising his constitutional rights—a conclusion which is confirmed by the fact that, despite Ms. Mathis's alleged behavior, Mr. Walker has continued to zealously litigate his claims. On the basis of the authority discussed in the context of the Courts' decision to grant the defendants' motion to dismiss, *supra*, the Court finds that it would be futile to allow Mr. Walker to amend his complaint to incorporate the proposed additional retaliation claim against Ms. Mathis because, based upon the facts alleged, he would be unable to state a cognizable claim.

The remaining allegations in the motion related to Dennis Cotton, Keri Moore and Michael Bell. Mr. Walker claims these individuals violated his right to due process by failing to afford him a grievance process which was not a "sham." *See* Doc. No. 17 at 2. Again, as discussed *supra*, an inmate does not have a constitutional right to an inmate grievance process and therefore cannot, as a matter of law, state a claim under the Fourteenth Amendment based upon a prison's failure to provide one.

Despite Mr. Walker's argument, the Third Circuit Court of Appeal's decision in *Mims v. Shapp,* 744 F.2d 946 (3d Cir. 1984) does not hold to the contrary.  *Mims* dealt with the adequacy of a prison's periodic administrative review of inmates who were held in solitary confinement, not an inmate grievance review procedure.  744 F.2d at 949.  Mr. Mims had been put in isolation after he participated in the murder of a deputy warden.   After five years of administrative segregation, Mr. Mims brought a claim under the Fourteenth Amendment alleging that his continued confinement was unconstitutional.  The trial court granted his request for a preliminary injunction and awarded him compensatory damages and attorney's fees.  *Id.* at 949.  On review, the appeals court agreed with the lower court that Mr. Mims' segregated confinement implicated a liberty interest cognizable under the Fourteenth Amendment. *Id*. at 950.  Despite the fact that the appellate court ultimately determined that the periodic administrative review afforded Mr. Mims was adequate and reversed the lower court, for present purposes, it is the character of the alleged interest at stake in *Mims* which renders it distinguishable from Mr. Walker's complaint and the analysis discussed above.  Notably, the court in *Mims* was not considering, and did not reach, a conclusion as to whether a prisoner has a cognizable liberty interest in a prison administrative grievance procedure.

Therefore, for the same reasons discussed in section III.a.4, *supra,* amending Mr. Walker's complaint to include allegations of due process violations against Cotton, Moore and Bell would be futile and therefore his motion is denied.[3]

### c.  Plaintiff's Motion For Appointment of Counsel

---

[3] Given the Court's determination that the factual allegations set out in Mr. Walker's motion for leave to file a second amended complaint fail to raise any cognizable claims as a matter of law, the Court will deny the plaintiff's motion to amend the complaint.  This denial will be without prejudice.  Mr. Walker is permitted to refile his motion for leave to amend his complaint within 30 days of entry of the attached order.  The defendants will then have 30 days from the date the motion is filed to respond.

Finally, Mr. Walker has filed a motion for appointment of counsel.  Doc. No. 8. "Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997)).  Despite the fact that there is no right to counsel in such circumstance, "[28 U.S.C. §]1915(d) gives district courts broad discretion to request an attorney to represent an indigent civil litigant." *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  In exercising this discretion, however, the Court must consider, as a threshold matter, the merits of the plaintiff's claim. *Id.* at 155 (citing *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981) ("[T]he general rule seems to be that, before the Court is justified in exercising its discretion in favor of an appointment, it must first appear that the claim has some merit in fact and law .")))

Based upon the above, the Court concludes that the plaintiff's claims lack arguable merit in fact and law.  Consequently, the Court exercises its discretion and declines to grant the plaintiff's motion to appoint counsel.

**IV.    CONCLUSION**

For the reasons set out above, the Court will grant the defendants' motion to dismiss the plaintiff's claims set out in the amended complaint and dismiss those claims with prejudice.  The Court denies Mr. Walker's motion for leave to file a second amended complaint and motion to cure the defect in his motion for leave without prejudice.  As noted above, Mr. Walker has 30 days from the date of the attached Order to file a revised motion for leave to file an amended complaint.  The defendants will respond within 30 days of Mr. Walker filing his motion.  Finally, the Court denies Mr. Walker's motion for appointment of counsel.

*       *       *

An appropriate Order follows.

BY THE COURT:

<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE